Mark Yanis, Huntington Beach, CA, for Defendant–Appellant.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Donnie Lee Jones appeals from the revocation of his supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On appeal, Jones challenges the district court's denial of his motion to expand the appointment of counsel under the Criminal Justice Act. Jones seeks to collaterally attack the validity of his underlying conviction in order to develop a defense to the revocation of his supervised release. Jones' collateral challenge to his conviction, which we have previously considered and rejected, is not cognizable in this appeal. "Irrespective of the merits of this claim, an appeal from a probation revocation is not the proper avenue for a collateral attack on the underlying conviction." See United States v. Simmons, 812 F.2d 561, 563 (9th Cir.1987).

**AFFIRMED.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ivan AREVALO–HERNANDEZ, Defendant–Appellant.**

**No. 10–10142.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2011.*

Filed Jan. 24, 2011.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Laurie K. Gray, Esquire, Assistant U.S. Attorney, Barbara Valliere, Assistant U.S. Attorney, Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

George Claude Boisseau, Esquire, Law Offices of George C. Boisseau, Santa Rosa, CA, for Defendant–Appellant.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Ivan Arevalo–Hernandez appeals from the 36–month sentence imposed following his guilty-plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Arevalo–Hernandez contends that the district court procedurally erred by failing to address his argument for a sentence in the Guidelines range applicable to defendants offered fast-track dispositions. The record reflects that the district court did not procedurally err. *See Rita v. United States,* 551 U.S. 338, 359, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); *United States v. Gonzalez–Zotelo,* 556 F.3d 736, 740 (9th Cir.2009), *cert. denied,* —— U.S. ——, 130 S.Ct. 83, 175 L.Ed.2d 57 (2009).

Furthermore, under the totality of the circumstances, the below-Guidelines sentence was not substantively unreasonable. *See Gall v. United States,* 552 U.S. 38, 51–52, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

---

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.